# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**CARL DEMON HOLDER, #108791**                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:10-cv-151-KS-MTP**

**CAPTAIN JOHN PURRITT, et al.**                                           **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are John Purritt, Captain at SMCI; Ronald King, Superintendent of SMCI; Tracey Sanders, Administrator of Administrative Remedy Program at SMCI; and Christopher Epps, Commissioner of MDOC. Upon review of the entire Court record, the Court has reached the following conclusions.

Background

Plaintiff states that he received a Rule Violation Report (RVR) on September 1, 2009, for assaulting a fellow inmate. Compl. [1] at 4. Plaintiff states that as punishment for the guilty finding for the RVR, he was placed in disciplinary segregation for twenty days and his custody status was reduced to a "security threat group" member causing him to be housed in a maximum security unit. Resp. [9] at 1-2. Plaintiff's complaint centers around allegations that the Defendants did not follow MDOC policy and procedure regarding the drafting of the RVR and subsequently during the course of the disciplinary hearing. Compl. [1-1] at 5. Further, Plaintiff argues that the punishment he received was in violation of policy and procedure because he received two different punishments for his first offense. *Id.* As relief, Plaintiff requests

monetary damages and to be placed back into general population. Compl. [1] at 4.

## Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

In order to have a viable claim under 42 U.S.C. § 1983 Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's placement in disciplinary segregation and the purported reduction in custody level are not "atypical and significant hardships" of prison life. Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which

are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest). As such, Plaintiff has failed to state a viable Due Process claim.

Moreover, Plaintiff's custody review and placement in a "security threat group" does not rise to the level of constitutional deprivation. It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995) (a prison inmate does not have a protectable liberty interest in his custodial classification). The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990) (citations omitted).

Further, Plaintiff complains that MDOC policy and procedure was violated when he was found guilty of this RVR. This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995);

3

*Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d at 1158.

In sum, Plaintiff has failed to present a viable Due Process claim regarding the complained of RVR and resulting punishment. Furthermore, Plaintiff's claims regarding the change in his custodial classification and Defendant's failure to follow MDOC policy and procedure fail to rise to the level of a constitutional deprivation.

Conclusion

For the foregoing reasons, the Court finds that Plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike".[1] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

SO ORDERED, this the 19th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."